Dear Dr. Montablano,
This office is in receipt of your opinion request wherein you seek advice from our office as to when the Louisiana State Board of Dentistry may release a decision by an administrative panel regarding a disciplinary matter. In your request you specifically ask the following:
 (1) Is the Board authorized to release to the public committee decisions (administrative adjudications) during the thirty-day period between service of notice of the decision and the deadline for seeking judicial review?
 (2) Is the Board authorized to release such decisions once a petition for judicial review has been filed, but no bond has been issued?
 (3) Is the Board authorized to release such decisions once a petition for judicial review has been filed, and bond has been issued?
 (4) Is the Board authorized to release such decisions once a petition for judicial review has been filed, but no stay order has been issued?
 (5) Is the Board authorized to release such decisions once a petition for judicial review has been filed, and a stay order has been issued?
 (6) At what point does the administrative adjudication of a disciplinary proceeding become a "final decision" and thus a public record?
As stated in your request, the Dental Practice Act provides in La. R.S. 37:780(B)(3) that the, "committee shall release to the public the result of any decision rendered by it after such decision has become final."
LA. R.S. 37:780(B)(1) provides,
 "The committee hearing the charge may cause the testimony adduced to be reduced to writing or stenographic record. Should the committee after due hearing find that the charges filed against the licensee or the unlicensed person are sustained by the evidence, it may revoke, suspend, restrict, fine, place on probation, reprimand, or admonish, or any or all of the above, the licensed dentist or licensed dental hygienist. The board may levy an administrative fine and assess all costs of the committee, including but not limited to attorney fees, investigative fees, and stenographic costs against the unlicensed person, and may seek any and all equitable and injunctive relief allowable under the law."
The law also allows for a special appeal from the Board's decision. La. R.S. 37:786 provides in pertinent part,
 A. If the board in any case arbitrarily or illegally abuses its discretion in suspending or revoking a license issued under the provisions of this Chapter, or by levying a civil penalty against an unlicensed person, the party complaining may resort to the civil district court for the parish of Orleans for the protection of his rights in accordance with R.S. 49:964. Any such appeals shall be filed in the court in the same manner as original suits are instituted therein.
 B. All proceedings in the civil district court for the parish of Orleans and appellate courts arising under the Section are civil in nature and shall be heard summarily by the court without a jury, shall take precedence over other civil cases, and shall be tried in chambers or in open court, in and out of term.
 * * *
 D. Notwithstanding appellant's compliance with the requirements of this Section, the court shall issue no stay for that portion of the board's decision which does not involve a sum of money unless the appellant satisfies the requirements of R.S. 37:786.1 pertaining to public health and welfare.
 E. The provisions of this Section shall apply to any unlicensed person who has been sanctioned by the board for any violation of R.S. 37:788.
La. R.S. 37:786.1 also provides,
 A. Absent agreement of counsel for all parties, no stay of enforcement of a decision issued under R.S. 37:780
or for a violation of R.S. 37:788, during the pendency of an appeal under R.S. 37:786 shall be granted unless the civil district court for the parish of Orleans finds that the applicant has established:
 (1) That the issuance of the stay does not threaten harm to other interested parties, including persons for whom the applicant may render dental or dental hygiene services.
 (2) That the issuance of the stay does not constitute a threat to the health and welfare of the citizens of the state.
 B. No stay shall be granted ex parte. The court shall schedule a hearing on the request for a stay order within ten days from filing. The decision shall be rendered within five days after the conclusion of the hearing.
 C. No judicial order staying or enjoining the effectiveness or enforcement of a final decision or order of the board in an adjudication proceeding, whether issued pursuant to R.S. 49:964(C) or otherwise, shall be effective, or be issued to be effective, longer than:
 (1) One hundred twenty days from the date on which the board's decision or order was rendered; or
 (2) The date on which the court enters judgment in a proceeding for judicial review of the board's decision or order pursuant to R.S. 49:964, whichever occurs first.
You also point out in your request that the Administrative Procedure Act provides in La. R.S. 49:956(8) that information obtained by the Board during its investigations shall not be made public if it is deemed confidential by law. You also mention that La. R.S. 44:4(11) of the Louisiana Public Records Act declares that information gained by the Board during its investigation, other than final decisions, are not public records.
In reviewing these statutes it appears clear that the Board is only authorized to release to the public the result of a decision of the committee of the Board with regard to a disciplinary matter under the provisions of La. R.S. 37:780. The decision of the Board becomes final after the hearing of the committee when the committee reaches a final decision after receiving and reviewing all the evidence presented. An appeal of the Board's decision to the Orleans Parish District Court of the decision of the Board under the provisions of La. R.S. 37:786 does not in any way restrict the Board from releasing to the public the result of its final decision under the provisions of La. R.S. 37:780(B)(3). In fact, the decision is a judgment which can be appealed to the Orleans Parish District Court, and those court filings are public records.
In answer to your specific questions,
1. The Board is authorized to release to the public committee decisions during the thirty-day period between service of notice of the decision and the deadline for seeking judicial review.
2. The Board is authorized to release such decisions once a petition for judicial review has been filed, but before a bond has been issued.
3. The Board is also authorized to release such decisions once a petition for judicial review has been filed and the bond has been issued.
4. The Board is authorized to release such decisions after a petition for judicial review has been filed and no stay order has been issued.
5. The Board is also authorized to release such decision after a petition for judicial review has been filed and a stay order has been issued.
6. The decision of the committee under the provisions of La. R.S. 37:780 becomes final when the Board committee after a hearing makes a final decision. In accordance with La. R.S. 37:780(B)(3) the result of the Board committees decision shall be released.
I believe the above should address your concerns. Should you have any questions please do not hesitate to contact our office.
Yours sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB, Jr.:mjb